1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6
7

GARY R KING,

                    Petitioner,

8        v.

9    STATE OF WASHINGTON,

10                   Respondent.[1]

Case No. C18-5722 RBL-TLF

REPORT AND
RECOMMENDATION

Noted for May 15, 2020

11        Petitioner Gary King, a prisoner at Airway Heights Corrections Center, has filed a

12   petition for writ of *habeas corpus* under 28 U.S.C. § 2254. Dkt. 3. Mr. King seeks relief

13   from his 2007 conviction and sentence for one count of first-degree robbery, one count of

14   first-degree burglary, two counts of unlawful imprisonment, three counts of theft of a

15   firearm, conspiracy to commit first degree burglary, conspiracy to commit first-degree-

16   robbery and taking a motor vehicle without permission. Dkt. 3, at 1; Dkt. 9-1, Relevant

17   State Court Record, Exhibit 1, at 1 (Judgment and Sentence, *State v. King*, Pierce County

18   Superior Court Cause No. 05-03813-8).

19
20
21
22

[1] Petitioner King has been transferred to Airway Heights Correction Center since the filing of this petition.
Petitioner has moved to substitute Respondent in this action. Dkt. 15. James Key is the Superintendent of
Airway Heights Correction Center. The Clerk is directed to substitute James Key as the respondent in this
action.

23
24
25

REPORT AND RECOMMENDATION - 1

Mr. King presents the following two grounds:

(1)    that the use of firearms is an element of first-degree robbery and

        burglary, which renders his firearms sentencing enhancements

        facially invalid; and

(2)    that the length of his firearms enhancements is excessive and violates the

        Eighth Amendment prohibition on cruel and unusual punishment.

Dkt. 3, at 6-7.

Mr. King has requested an evidentiary hearing in this matter. Dkt. 10, Petitioner's Response to Defendant's Answer, at 1. Mr. King requests that the court vacate the firearms enhancements on his robbery and burglary charges and remand his case for resentencing. Dkt. 3, at 15. The undersigned recommends that the request for an evidentiary hearing be DENIED, and that the petition be DISMISSED as time-barred. Furthermore, the undersigned recommends that issuance of the certificate of appealability (COA) be DENIED as well.

The Washington State Court of Appeals, Division II summarized the facts of the case in its unpublished decision. Dkt. 9-1, at 125-145 (State's Ex. 5, Opinion, *State v. King*, No. 63813-1-I/21, slip op. at 1-5 (Ct. App. Nov. 30, 2009)) (attached to this Report and Recommendation). The trial facts are not relevant to the issues presented in this habeas corpus case and will not be discussed.

I.    <u>DISCUSSION</u>

A.    <u>State Court Procedural History</u>

On April 3rd, 2007, a jury convicted Mr. King of one count of first-degree robbery, one count of first-degree burglary, three counts of unlawful imprisonment, one count of

1    felony harassment, three counts of theft of a firearm, conspiracy to commit first degree

2    burglary, conspiracy to commit first-degree-robbery and taking a motor vehicle without

3    permission. Dkt. 9-1, at 128. Mr. King appealed his conviction to the Washington Court of

4    Appeals. On November 30, 2009, the Washington Court of Appeals vacated one felony

5    harassment conviction and one unlawful imprisonment conviction, remanding Mr. King for

6    resentencing.  *Id.* at 145.

7        Mr. King petitioned for review. Dkt. 9-1, at 147 (State's Exhibit 6, ACORDS

8    Printout, Case No. 840423). The Washington Supreme Court denied review on June 2,

9    2010. Dkt. 9-1, at 149 (State's Exhibit 7, Order, *State v. King*, S. Ct, Cause No. 84042-3).

10   On June 30, 2010, the Washington Court of Appeals issued a mandate disposing of Mr.

11   King's direct appeal. Dkt. 9-2, Relevant State Court Record, at 43 (State's Exhibit 15,

12   Mandate, *State v. King*, (Ct. App. Cause No. 63813-1-I-I).

13       The Pierce County Superior Court resentenced Mr, King on September 3, 2010.

14   Dkt. 9-1, at 2. Following his resentencing, the Court of Appeals issued a final mandate

15   disposing of Mr. King's direct appeal on December 21, 2010. Dkt. 9-2, at 67 (State's

16   Exhibit 15, Mandate, *State v. King*, (Ct. App. Cause No. 05-1-03813-8).

17       On February 28, 2011, Mr. King filed a personal restraint petition (PRP) claiming

18   the trial court had erred by admitting an ostensibly involuntary confession and that the jury

19   instructions had been detrimentally flawed. Dkt. 9-1, at 151 (State's Exhibit 8, ACORDS

20   Printout, Case No. 421801). On March 3, 2011, he filed another petition raising the same

21   issues. *Id.*; Dkt. 9-1, at 162-171 (State's Exhibit 9, Personal Restraint Petition, *In re King*,

22   Ct. App. Cause No. 41839-8); Dkt. 9-1, at 173-228 (State's Exhibit 10, Petitioner's Brief in

23   Support of Personal Restraint Petition, *In re King*, Ct. App. Cause No. 41839-8-II). The

24

25

Court of Appeals consolidated the two cases and dismissed the petition on April 17, 2012. Dkt. 9-1, at 230 (State's Exhibit 11, *Order Dismissing Petition, In re King*, (Ct. App. Cause No. 41839-8-II). Mr. King did not petition the state supreme court for review.

On May 22, 2015, Mr. King filed his second personal restraint petition. Dkt. 9-1, at 235 (State's Exhibit 12, Personal Restraint Petition, *In re King*, (Ct. App. Cause No. 47629-1-II). He brought five grounds for habeas relief, including the claim that the length of his sentence enhancements violated the 8th Amendment's prohibition on cruel and unusual punishment. *Id.* at 286. The court of appeals found petitioner did not qualify for any exceptions to the one-year time bar and dismissed the petition as untimely. Dkt. 9-1, at 381 (State's Exhibit 13, Order Dismissing Petition, *In re King*, (Ct. App. Cause No. 47629-1-II). Mr. King did not petition the state supreme court for review.

In 2016, Mr. King filed his third personal restraint petition. Dkt. 9-1, at 384 (State's Exhibit 14, Personal Restraint Petition, *In re King*, (Ct. App. Cause No. 48413-7-II). Mr. King brought nearly identical claims to those in his previous PRP and argued that he was not time-barred under the exception for newly discovered evidence. *Id.* at 390. The court of appeals found that the all the evidence Mr. King proffered had been available to his defense counsel at the time of trial and dismissed the petition as untimely. Dkt. 9-2 at 89 (State's Exhibit 17, Order Dismissing Petition, *In re King*, (Ct. App. Cause No. 48413-7-II). Mr. King did not file a motion for discretionary review, and the state supreme court dismissed the case as abandoned. Dkt. 9-2, at 91 (State's Exhibit 18, Supreme Court Ruling, *In re King*, Cause No. 93305-7).

On February 27, 2017, Mr. King filed his fourth personal restraint petition. Dkt. 9-2, at 93 (State's Exhibit 19, Personal Restraint Petition, *In re King*, (Ct. App. Cause No.

50036-1-II). In this PRP he brought the same two grounds he brings in the instant petition, that: (1) the robbery and burglary convictions were ineligible for firearms sentencing enhancements because being armed with a firearm is an element of the crimes, and (2) running firearms enhancements consecutively constitutes excessive punishment. Dkt. 9-2, at 110. Finding that Mr. King had neither shown any exception to the Washington time bar to be applicable, nor shown the judgment and sentence to be facially invalid, the court of appeals again dismissed the petition as untimely on April 24, 2017. Dkt. 9-2, at 170-171 (State's Exhibit 20, Order Dismissing Petition, *In re King*, (Ct. App. Cause No. 50036-1-II (citing RCW 10.73.100; *In re Personal Restraint of Hemingway*, 147 Wn.2d 529, 532-33 (2002))).

Mr. King moved for discretionary review. Dkt. 9-2, at 173-174 (State's Exhibit 21, Motion for Discretionary Review, *In re King*, Supreme Court Cause No. 94527-6). The state supreme court found the petition was time-barred. Dkt. 9-2, at 242-244 (State's Exhibit 22, Ruling Denying Review, *In re King*, Supreme Court Cause No. 94527-6). Mr. King moved to modify the ruling. Dkt. 9-2, at 246 (State's Exhibit 23, Motion to Modify Ruling, *In re King*, Supreme Court Cause No. 94527-6). The Washington Supreme Court denied the motion. Dkt. 9-2, at 316 (State's Exhibit 24, Order, *In re King*, Supreme Court Cause No. 94527-6).

Mr. King filed his federal habeas corpus petition on December 12, 2018.

B.    Time Bar under 28 U.S.C. 2254 (d)(1)

Respondent, in his answer to Mr. King's federal habeas petition, argues the petition is untimely under 28 U.S.C. § 2244(d)(1) and, as such, should be dismissed. Dkt. 12. Mr. King does not substantively dispute the timeline described above.

1        There is a one-year time limit to file a Section 2254 federal habeas corpus petition,

2   under 28 U.S.C. § 2244(d)(1)(A): "[t]he limitation period shall run from . . . the date on

3   which the judgment became final by the conclusion of direct review or the expiration of

4   the time for seeking such review."

5        The limitation period may run from a later date under the following circumstances:

6   First, it may run from the date on which the impediment to filing an application created by

7   State action in violation of the Constitution or laws of the United States is removed, if the

8   applicant was prevented from filing by such State action. 28 U.S.C. § 2244(d)(1)(B);

9   second, it may run from the date the United States Supreme Court recognizes a new

10  constitutional right that the Supreme Court makes retroactive to cases on collateral

11  review. 28 U.S.C. § 2244(d)(1)(C); third, it may run from the date the factual predicate of

12  the claim presented could have been discovered through the exercise of due diligence. 28

13  U.S.C. § 2244(d)(1)(D).

14       Additionally, "[t]he time during which a *properly filed* application for State post-

15  conviction or other collateral review with respect to the pertinent judgment or claim is

16  pending shall not be counted toward any period of limitation under this subsection." 28

17  U.S.C. § 2244(d)(2) (emphasis added). For purposes of 28 U.S.C. § 2244(d)(1)(A), direct

18  review usually concludes and the judgment becomes final either upon the expiration of

19  the time for filing a petition for writ of certiorari with the United States Supreme Court, or

20  when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157,

21  1158-59 (9th Cir. 1999).

22       In this case, direct review concluded and judgment became final when the Court of

23  Appeals issued its mandate disposing of Mr. King's direct appeal on December 21, 2010.

24

25

1    On that date, Mr. King's window of opportunity for seeking direct review closed, and his

2    judgment and sentence became final for purposes of 28 U.S.C. § 2244(d)(1)(A). The one-

3    year statute of limitations began to run the following day. *Id.*

4        The statute of limitations period then ran for 69 days until February 28, 2011, when

5    King filed his first PRP. The limitations period was tolled while Mr. King's first PRP was

6    pending in state court until May 17, 2012, when the court of appeals had dismissed his

7    PRP and the 30-day period allowing Mr. King to petition the state supreme court for

8    discretionary review elapsed. *See* RAP 16.14 (c). RAP 13.5A (a)(1), 13.4(a).

9        Mr. King had 296 days left to file his federal habeas corpus petition. The AEDPA's

10   statute of limitations, therefore, ran out on March 9, 2013. Mr. King filed his successive

11   personal restraint petition in May of 2015, more than two years after his AEDPA statute of

12   limitations had run out. Mr. King's second, third, and fourth PRPs were dismissed as

13   untimely. In any case, their filing had no effect on the Section 2244 statute of limitations.

14   See *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (filing of untimely state court

15   application for collateral review does not toll the statute of limitations for filing a federal

16   habeas petition under 28 U.S.C. 2244(d)(2)).

17       When Mr. King filed his federal habeas corpus petition in December of 2018, more

18   than five years had passed since his AEDPA statute of limitations ran out.

19       *Exception under 28 U.S.C.(d)(1)(D)*

20       Mr. King asserts that because his petition brings a "case of first impression and the

21   sentence itself is "facially invalid," his current claims must be considered on their merits.

22   Dkt. 3, at 4. Mr. King argues that his limitation period should run from a later point, based

23   on the discovery of a factual predicate that could not have been discovered earlier

24

25

1    through due diligence. Dkt. 3, at 5; s*ee* 28 U.S.C.(d)(1)(D). He asserts that his claim that

2    his crimes were ineligible for sentence enhancements could not have been discovered

3    sooner than when he "got the idea from an unpublished opinion," citing the inadequacy of

4    the prison law library. Dkt. 10, at 1. Mr. King does not provide a date for this event, but for

5    the sake of argument, the latest date on which this might have occurred is February 26,

6    2017, the date just prior to when he first used this claim in his fourth PRP as a ground for

7    release. Mr. King's argument only applies to his first ground for habeas relief.

8        Mr. King's fourth PRP was dismissed as untimely by the state supreme court.

9    Therefore, the filing of Mr. King's fourth PRP would not toll the statute of limitations for

10    filing his federal habeas petition. See *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). The

11    statute of limitations would have run uninterrupted from February 27, 2017, to February

12    27, 2017, when the one-year limitation would have run out. In this situation, Mr. King's

13    federal petition, filed December 12, 2018, would also be untimely under 28 U.S.C. §

14    2244(d).

15        Furthermore, Mr. King's claim relies on a new legal argument and does not present

16    new facts at all. Mr. King's argument that his firearms sentence enhancements placed

17    him in double jeopardy relies only on facts which must have been known to him and

18    defense counsel at trial. Mr. King has not indicated any impediment to his filing a petition

19    earlier. He has failed to show that he presents a newly discovered factual predicate for his

20    claim, and he has not raised any new constitutional right that the Supreme Court has

21    made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C)-(D). His

22    federal habeas petition should be dismissed with prejudice.

23

24

25

1

<u>EVIDENTIARY HEARING</u>

2     "A state court need not conduct an evidentiary hearing to resolve every disputed

3 factual question." *Gulbrandson v. Ryan,* 738 F.3d 976, 987 (9th Cir. 2013). A state court is

4 not required to hold an evidentiary hearing if – even assuming the petitioner's allegations

5 of fact were true – the allegations would not support relief. *Hibbler v. Benedetti,* 693 F.3d

6 1140, 1147-48 (9th Cir. 2012). The first step in deciding whether an evidentiary hearing

7 should be ordered in federal court is to consider whether a factual basis exists in the state

8 court record to support the petitioner's claim. *Hibbler,* at 1147; *Schriro v. Landrigan,* 550

9 U.S. 465, 474 (2007). "[A] federal court must consider whether such a hearing could

10 enable an applicant to prove the petition's factual allegations, which, if true, would entitle

11 the applicant to federal habeas relief." *Id.* Two conditions must be met: First, petitioner

12 must allege sufficient facts that, if true, would entitle petitioner to relief; and second,

13 petitioner must show that they did not receive a full and fair hearing in state court.

14 *Gonzalez v. Pliler,* 341 F.3d 897, 903 (9th Cir. 2003).

15     Where state courts adjudicated the habeas corpus claim on the merits, the federal

16 court's review is normally limited to the record before the state court that adjudicated the

17 claim on the merits. *Cullen v. Pinholster,* at 181; *Gulbrandson v. Ryan,* 738 F.3d 976, 993

18 (9th Cir. 2013). There is a strong but rebuttable presumption that the state court

19 adjudicated a federal claim on the merits. *See Johnson v. Williams,* 568 U.S. 298, 300-01

20 (2013); *Harrington v. Richter,* 562 U.S. 86 (2011). If the state court applied the law in a

21 manner that is contrary to the governing law set forth in United States Supreme Court

22 precedent, then the federal court considers the claim without deference that AEDPA

23 would otherwise require. *Panetti v. Quarterman,* 551 U.S. 930, 949, 953 (2007).

24

25

1
2
3
4
5
6
7
8

If a petitioner successfully shows that a state court based its' findings on an unreasonable determination of facts, a petitioner may be entitled to an evidentiary hearing. *Hurles v. Ryan,* 752 F.3d 768, 790-91 (9th Cir. 2014). "If the factual basis for a claim is undeveloped or absent, the next inquiry is whether petitioner 'failed to develop' these facts in state court proceedings." *Cook v. Kernan,* 948 F.3d 952, 971 (9th Cir. 2020) (quoting *Insyxiengmay v. Morgan,* 403 F.3d 657, 669-70 (9th Cir. 2005)). And, under 28 U.S.C. §2254(e)(2), failure of a petitioner to develop the factual basis of the claim in state court will preclude the federal district court from granting an evidentiary hearing, unless:

9
10
11

(A)    the claim relies on either:
    (i)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

12
13

    (ii)    a factual predicate that could not have been previously discovered through the exercise of due diligence; and
(B)    the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

14

*See Cook v. Kernan,* at 971.

15
16
17
18

In this case Mr. King has not raised any new facts. Mr. King has not shown any unreasonable application of clearly established federal law, nor any unreasonable determination of facts, nor has he shown that he failed to develop facts because the factual predicate could not have been previously discovered through due diligence.

19
20

Therefore, Mr. King has not made a showing that he is entitled to an evidentiary hearing in this case.

21

<u>CERTIFICATE OF APPEALABILITY</u>

22
23
24

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of

25

1    appealability from a district or circuit judge. A certificate of appealability may issue only

2    where a petitioner has made "a substantial showing of the denial of a constitutional right."

3    *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that

4    jurists of reason could disagree with the district court's resolution of his constitutional

5    claims or that jurists could conclude the issues presented are adequate to deserve

6    encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under

7    the above standard, this Court concludes that petitioner is not entitled to a certificate of

8    appealability in this matter. This Court therefore **recommends that a certificate of**

9    **appealability be denied**.

10                                  CONCLUSION

11          The Court should **deny the petition for habeas corpus relief with prejudice**. All

12   of petitioner's claims are time barred, and the Court should refuse to hear them. A

13   proposed order accompanies this Report and Recommendation.

14          Objections to this Report and Recommendation, if any, should be filed with the Clerk

15   and served upon all parties to this suit within **fourteen (14) days** of the date on which this

16   Report and Recommendation is served. Failure to file objections within the specified time

17   may affect your right to appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Objections should be

18   noted for consideration on the District Judge's motions calendar for the third Friday after

19   they are filed.

20

21

22

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 15, 2020**.

Dated this 17th day of April, 2020.



Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12